**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4328**

_____

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

KEVIN WALKER,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Raymond A. Jackson, District Judge.  (4:95-cr-00037-RAJ-3)

_____

Submitted:  November 22, 2013     Decided:  December 9, 2013

_____

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert Ratliff, Mobile, Alabama, for Appellant. Dana J. Boente, Acting United States Attorney, Eric M. Hurt, Assistant United States Attorney, Alexander S. Mackler, Third Year Law Student, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 1997, Kevin Lamont Walker pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court originally sentenced Walker to 262 months of imprisonment, followed by five years of supervised release, but later reduced the sentence to 120 months of imprisonment on the Government's motion. After Walker's release from incarceration, the district court revoked Walker's supervised release and sentenced him to twelve months of incarceration, followed by four years of supervised release. Following his second release, the district court found that Walker had again violated the terms of his supervised release. The court revoked Walker's supervised release and sentenced him to twenty-four months of imprisonment. Walker appeals. Finding no error, we affirm.

Walker argues that the district court improperly considered 18 U.S.C. § 3553(a) (2006) factors that are not to be considered when determining a revocation sentence. We review a sentence imposed on revocation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the United States Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a)

2

(2006), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks and citation omitted). We have reviewed the record and have considered Walker's arguments and discern no reversible error. We therefore conclude that Walker's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's order. We also grant Walker's motion filed August 19, 2013 to the extent it seeks to withdraw his prior motions filed on June 4 and 6, 2013. We deny the motion to the extent that Walker seeks to file a pro se supplemental brief, and deny Walker's November 8, 2013, motion to file a pro se reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED